STATE OF NORTH CAROLINA v. LARRY WADE

No. 8115SC700

(Filed 15 December 1981)

**Criminal Law § 75— admissibility of in-custody confession**
> There was ample evidence supporting the court's findings and conclusion
> that defendant freely, knowingly and voluntarily waived his right to remain
> silent where the State's evidence tended to show that before interrogation,
> defendant was informed of his Miranda rights; that he stated that he under-
> stood his rights and waived them; that he signed a waiver of rights form; that
> he made a statement; and that he never requested an attorney.

APPEAL by defendant from *Martin (John C.), Judge.*
Judgments entered 11 February 1981 in Superior Court, ORANGE
County. Heard in the Court of Appeals 10 December 1981.

Defendant was convicted of attempted second degree rape
and kidnapping. Judgments imposing concurrent prison sentences
were entered.

Defendant's convictions of kidnapping and attempted second
degree rape were based, in part, on a statement he gave police of-
ficers. The statement was admitted into evidence after the court
conducted a *voir dire* on defendant's motion to suppress.

Officer Talbert testified for the State on *voir dire* that he
had questioned defendant on 3 October 1980 after defendant's
first appearance in court. He read defendant his Miranda rights
and asked him if he understood them. Defendant replied that he
did and signed a waiver of rights form. Defendant then made an
incriminating statement concerning his actions on 2 October 1981.
Officer Talbert stated defendant did not ask for an attorney dur-
ing questioning.

Defendant testified that Officer Talbert read him his rights
before the first interrogation. During later questioning, however,
he was not informed of his rights. Defendant testified that of-
ficers called him upstairs six times for questioning. At no point
during the interrogations did he ever make or sign a statement.

At the conclusion of evidence on *voir dire*, the court made
the following pertinent finding of fact:

"Defendant, Larry Wade, was arrested on October 2, 1980. That on October 3, 1980, he was taken to the District Court of Orange County for his first appearance; and upon being returned to the Orange County jail after making his court appearance, the defendant was asked by Investigator Talbert if he wished to make a statement. That the defendant replied that he would tell Investigator Talbert what he knew. Thereupon, Investigator Talbert took the defendant to the booking room of the Orange County jail and advised the defendant of his rights under the Miranda Decision and specifically his rights to remain silent and that anything that he said could be used against him in court, of his rights to an attorney during the interrogation and of his right to have an attorney appointed, of his right to stop answering questions at any time and of his right to consult with an attorney during the questioning. That the defendant indicated to Investigator Talbert that he understood those rights and was willing to make a statement. That the defendant orally and in writing indicated his understanding of his Miranda Rights and waived said rights orally and in writing."

The court concluded that defendant freely, knowingly and voluntarily waived his right to remain silent.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*F. Lloyd Noell, for defendant appellant.*

VAUGHN, Judge.

Defendant argues that the evidence presented on *voir dire* was insufficient to support the court's conclusion that defendant's confession was voluntarily made. We disagree.

When the admissibility of an in-custody confession is contested, the court must conduct a *voir dire* to determine whether the procedural safeguards required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed. 2d 694 (1966), have been met. *State v. Jenkins,* 292 N.C. 179, 232 S.E. 2d 648 (1977); *State v. Waddell,* 34 N.C. App. 188, 237 S.E. 2d 558 (1977). At the conclusion of the *voir dire,* the judge should make findings of fact to indicate the basis of his ruling. *State v. Siler,* 292 N.C. 543, 548, 234 S.E. 2d 733, 737 (1977).

The judge in the present case made such findings. They will not be disturbed on appeal if there is any competent evidence to support them. *State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976). In this cause, we find ample evidence supporting the court's findings. There was testimony that before interrogation, defendant was informed of his Miranda rights; that he stated he understood his rights and waived them; that he signed a waiver of rights form; that he made a statement; and that he never requested an attorney.

Defendant contends that his confession was tainted because of a promise extracted from him when he was without assistance of counsel. *State v. Edwards*, 282 N.C. 201, 192 S.E. 2d 304 (1972). Defendant testified that, when Officer Talbert had asked him to make an admission, he had replied he would. We do not agree that defendant's reply amounts to an improperly extracted promise to confess such as that in *State v. Edwards, supra.* Furthermore, defendant repeatedly denied he subsequently ever made or signed a statement. Defendant's argument, therefore, is patently without merit.

The trial court found that defendant waived his Miranda rights orally and in writing. That finding is the essential one which must be made on *voir dire. State v. Reynolds*, 298 N.C. 380, 400, 259 S.E. 2d 843, 855 (1979), *cert. denied*, 446 U.S. 941, 100 S.Ct. 2164, 64 L.Ed. 2d 795 (1980); *State v. Dunn*, --- N.C. App. ---, --- S.E. 2d --- (1981). The court properly admitted defendant's confession.

No error.

Judges WEBB and HILL concur.